### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CR-50005 |
| | ) | |
| | ) | |
| CHARLES S. DEHAAN, | ) | Judge Frederick J. Kapala |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM AS TO LOSS

NOW COMES the Defendant, CHARLES S. DEHAAN, by and through his attorney, DEBRA D. SCHAFER, of Sreenan & Cain, P.C. and in support of his sentencing memorandum as to loss, states as follows:

On May 20, 2016, Defendant pleaded guilty, pursuant to written plea agreement, to Counts Nine and Twenty-One of the superseding indictment. Both offenses allege Health Care Fraud pursuant to 18 U.S.C. §1347. Defendant admitted to knowingly and willfully billing Medicare for a visit with a patient he had not seen or treated on December 12, 2013 (Patient SJ – Count Nine) and for a visit with a patient after the date of her death (Patient CH - Count Twenty-One).

### LOSS PURSUANT TO §2B1.1(b)(1)

Defendant's position is that loss should be calculated on, and limited to, the amount of those visits billed involving Patient SJ and Patient CH on the dates set out in the superseding bill of indictment. On that basis, the loss pursuant to §2B1.1(b)(1)(A), would be $5,000 or less and no increase in the offense level would be called for by the Guidelines. It is Defendant's belief,

however, that the Government intends to seek additional loss calculations under various theories. Based on the discovery received to date, the Government maintains that as to certain patients, Defendant billed for actual visits at which no treatment was rendered or the visit was billed at a higher rate that the treatment or visit warranted (Counts One through Eight, Ten and Eleven). In some of those instances, the Government may present evidence and argue that certain patients allege that they were sexually abused either in addition to, or instead of, any medical treatment being rendered. If the Government persuades the Court to believe that medical treatment did not take place or that Defendant's billing was at an inappropriate level, the loss calculation would increase. However, Defendant maintains that for each of the patients alleged in Counts One through Eight, Ten and Eleven, he rendered appropriate medical treatment to each patient based on the health issues with which they presented and that appropriate billing was submitted based on the complexities of each patient's various health issues. Defendant denies sexually abusing any patient and believes no credible evidence of such abuse will be presented at the sentencing hearing.

With respect to billing Medicare using particular CPT codes, it is Defendant's position that higher CPT codes are used, regardless of the length of time spent with the patient, when the medical issues being addressed are of such complexity as to require billing at a higher rate. A relatively minor medical issue for a healthy person would warrant a lower billing code. That same seemingly minor medical issue on a person with chronic conditions and taking multiple medications is significantly different and may, depending on the circumstances, warrant billing at a higher rate. Generally speaking, the patients Defendant treated were persons who did in fact have chronic conditions, many of whom took many medications to manage their various health

issues. If they did not have such issues, they would not qualify for in-home medical treatment. When billing occurred at the higher levels, it was warranted based on the complexity of the patient's medical issues and was not based on time spent with the patient. The amount of time spent with a patient is not the determinative factor in billing except in certain, limited circumstances.

A second theory in which the Government alleges that Defendant defrauded Medicare is that Defendant certified persons who were not eligible for home health care for that service (Counts Twelve through Sixteen). If the Government persuades the Court to believe that Defendant certified patients for home health care when such certification was not warranted, the loss calculation would increase. However, Defendant maintains that, such certifications were appropriate based on the needs and limitations of each patient and consequently, there was no additional loss. Defendant believes the Government and its agents have a faulty understanding of what "homebound" means and the qualifications for services. Being homebound includes a patient who is physically or mentally unable to leave the home. However, under certain circumstances, a patient can be considered homebound even if the patient sometimes leaves the home using medical equipment or if leaving can worsen a health condition and leaving the home is difficult. The patients who Defendant certified met the appropriate qualifications.

The third theory in which the Government alleges that Defendant defrauded Medicare is for billing for patient visits after their death (Counts Seventeen through Twenty-Three). Defendant believes the evidence will show that there was no loss as the overbilling was either discovered prior to payment from Medicare to Defendant or repaid/credited by Defendant prior to charges being filed.

## CONCLUSION

Upon the conclusion of the evidence concerning the loss calculations, Defendant will be asking this Court to deny the Government's request for adjustments based on additional loss calculations.

By:   <u>/s/</u>                     
DEBRA D. SCHAFER,
321 West State Street, Suite 700
Rockford, Illinois 61101
(815) 962-5490
dschafer@sreenan-cain.com

4

## CERTIFICATE OF FILING AND SERVICE

The undersigned attorney hereby certifies that the following document:

## DEFENDANT'S SENTENCING MEMORANDUM AS TO LOSS

was served on September 14, 2016, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR

5.5, and the General Order on Electronic Case Filing (ECF), pursuant to the District Court's

system as to ECF filers.

/s/ Debra D. Schafer
DEBRA D. SCHAFER
Attorney for Defendant
321 West State Street, Suite 700
Rockford, Illinois 61101
(815) 962.5490

5