IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>vs.<br><br>CHARLES S. DEHAAN,<br>    Defendant. | Case No. 14 CR 50005<br>Judge Frederick J. Kapala |

## DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

NOW COMES the defendant, CHARLES S. DEHAAN, by his attorney, DEBRA D. SCHAFER, and for his objections the presentence investigation report, states as follows:

### NUMBER OF VICTIMS PURSUANT TO §2B1.1(b)(2)(A)

With respect to Paragraph 38, Defendant disagrees that the offense level should be increased by two levels pursuant to §2B1.1(b)(2)(A). There were not 10 or more victims. Medicare is the victim in these offenses. Defendant maintains that the two patients alleged in the two counts to which he pleaded guilty are not victims given that the allegations are for billing for treatment not received by patients who were not seen by Defendant. If, however, the Court deems the persons in counts Nine and Twenty-One are also victims, three is still less than 10.

With respect to the other persons listed in Counts One through Eight and Ten through Sixteen in the superseding bill of indictment, it is defendant's position that he provided appropriate medical care to those persons and that he billed Medicare consistent with the treatment provided or that he appropriately certified them for home health care. They would not qualify as victims.

1

Further, the patients who were deceased at the time of the supposed visit for which Medicare was billed should not be considered victims due to being deceased at the time.

## MEDICARE LOSS IN EXCESS OF $1,000,000

With respect to Paragraph 39, it is Defendant's position that the loss suffered by Medicare was less than $1,000,000 as set forth in the sentencing memorandum, and therefore, the offense would not be increased by two levels pursuant to §2B1.1(b)(7).

## VULNERABLE VICTIM PURSUANT TO §3A1.1(b)(1)

With respect to Paragraph 40, it is Defendant's position that the victim in the case, as plead to by Defendant, is the United States by way of the Medicare program. The United States cannot be considered a "vulnerable victim." *U.S. v. Gieger*, 190 F.3d 661 (5th Cir.). However, even if the Court deems that patients caught up in a Medicare scheme are victims, they are not necessarily "vulnerable victims". According to the definition of a vulnerable victim in the USSG Commentary, the person must be "unusually vulnerable" so as to make them "particularly susceptible to the criminal conduct". Examples given in the Commentary involve a fraud case in which a defendant marketed an ineffective cancer cure or the defendant choosing a handicapped person to rob. Here, Defendant's practice was limited to providing health care in the home for patients who had difficulty or were unable to seek treatment outside the home, some of whom might qualify as vulnerable. There is no evidence he went into that business to take advantage of his patient population or otherwise targeted persons.

As a consideration as to whether or not Defendant's patients are victims, Defendant would note that the patients did not suffer a financial loss as a result beyond that of an ordinary taxpayer.

If, however, the Court were to find that the definition of victim includes, in these circumstances, patients other than Medicare or the patients listed in Counts Nine and Twenty-One, Defendant does acknowledge that many of his patients had physical limitations due to illness, and/or were elderly and many had mental health issues. Whether this adjustment applies would then depend on the proofs presented at the sentencing hearing.

**LARGE NUMBER OF VULNERABLE VICTIMS PURSUANT TO §3A1.1(b)(2)**

With respect to Paragraph 41, Defendant disputes that there is a large number of vulnerable victims pursuant to §3A1.1(b)(2). First, as set forth above, the United States by way of its Medicare program is the victim. That is not a large number of victims and as set forth above, the United States cannot be considered a vulnerable victim. The two patients in Counts Nine and Twenty-One should not be considered "victims" or "vulnerable" considering neither patient was seen by Defendant on the dates alleged. Neither suffered a loss or was in any way vulnerable as a result of Defendant's conduct. Further, Patients CH was deceased at the time. Insofar as the Government is able to establish to the satisfaction of the Court that there were victims other than the United States and that there were ten unusually vulnerable victims, Defendant disputes that ten vulnerable victims qualifies as a "large number" for purposes of §3A1.1(b)(2).

Respectfully submitted:

By: /s/ Debra D. Schafer
DEBRA D. SCHAFER,
Attorney for Defendant

*Prepared by:*
DEBRA D. SCHAFER, #6207650
SREENAN & CAIN, P.C.
321 West State Street, Suite 700
Rockford, Illinois 61101
(815) 962-5490
dschafer@sreenan-cain.com

## CERTIFICATE OF FILING AND SERVICE

The undersigned attorney hereby certifies that the following document:

**Defendant's Objections to Presentence Investigation Report**

was served on September 14, 2016, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), pursuant to the District Court's system as to ECF filers.

/s/ Debra D. Schafer
DEBRA D. SCHAFER
Attorney for Defendant
321 West State Street, Suite 700
Rockford, Illinois 61101
(815) 962-5490