IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CR-50005 |
| | ) | |
| | ) | |
| CHARLES S. DEHAAN, | ) | Judge Frederick J. Kapala |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO UNITED STATES' SENTENCING MEMORANDUM ON LOSS CALCULATION**

NOW COMES the Defendant, CHARLES S. DEHAAN, by and through his attorney, DEBRA D. SCHAFER, of Sreenan & Cain, P.C. and in response to United States' Sentencing Memorandum on Loss Calculation, states as follows:

The Government is massively overreaching in its attempt at loss calculation in this case. It appears to be arguing that the defendant performed no legitimate medical service between January 2009 and January 2014 to any patient and if he did, it is up to him to prove it. The Court in *Hebron* shifted the burden to the defendant to prove that amounts were non-fraudulent where the fraud was "so extensive and pervasive that separating legitimate benefits from fraudulent ones is not reasonably practicable…" *United States v. Hebron*, 684 F.3d 554, 563 (5th Cir. 2012).

In *Hebron*, the Court stated the defendant "should not reap the benefits of a lower sentence because of his ability to defraud the government to such an extent that an accurate loss calculation is not possible. *Id* at 563. Such is not the case here. The Government has identified

1

approximately 40 patients, out of the thousands of patients seen by Defendant, who it believes were victims of a scheme by Defendant to defraud Medicare. The Government does not seem to have any difficulty identifying patients who it believes to be victims and after speaking to those witnesses, apparently intends to present evidence about them at the hearing. This does not sound like the "extensive and pervasive" fraud spoken of in *Hebron*.

Since that time, the 7th Circuit has held that loss calculation is based on the offenses to which a defendant pleaded guilty and unlawful relevant conduct. *United States v. Orillo*, 733 F.3d 241 (7th Cir. 2013). From that, "the government must demonstrate by a preponderance of the evidence that the loss amount is attributable to that criminal or unlawful conduct." *Id* at 244. It is the government's burden, not a defendant's, to prove loss.

WHEREFORE, the defendant, CHARLES S. DEHAAN, requests this Court deny the Government's request to shift the burden to Defendant to show that particular billing is legitimate.

By: /s/
DEBRA D. SCHAFER,
321 West State Street, Suite 700
Rockford, Illinois 61101
(815) 962-5490
dschafer@sreenan-cain.com

## CERTIFICATE OF FILING AND SERVICE

The undersigned attorney hereby certifies that the following document:

### DEFENDANT'S RESPONSE TO UNITED STATES' SENTENCING MEMORANDUM ON LOSS CALCULATION

was served on September 14, 2016, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), pursuant to the District Court's system as to ECF filers.

    /s/ Debra D. Schafer_____
    DEBRA D. SCHAFER
    Attorney for Defendant
    321 West State Street, Suite 700
    Rockford, Illinois 61101
    (815) 962.5490